# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHLEEN HEFLICK**
        **Plaintiff,**

    v.                                Case No. 08-C-996

**MICHAEL ASTRUE,**
**Commissioner of the Social Security Administration,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Kathleen Heflick sought judicial review of the Commissioner's denial of her application for disability insurance benefits. I reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four, and plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## I.

Under the EAJA, the prevailing party in a civil suit against the federal government is, on timely application, entitled to recover her attorneys' fees if the government's position in the case was not "substantially justified" and no "special circumstances" would make an award unjust. See, e.g., Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009); Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Having obtained a sentence four remand, plaintiff is the prevailing party here, see Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); her application, filed within 30 days of final judgment, is timely; and the Commissioner suggests no special circumstances that would make a fee award unjust. However, the Commissioner does argue that the government's position was substantially justified.

In order to avoid a fee award on this basis, the Commissioner must show that the government's position was "justified in substance or in the main" or "justified to a degree

that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government meets this burden if it had a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and there was a reasonable connection between the facts alleged and the theory propounded. E.g., Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006).

The outcome of a case is not conclusive evidence of the justification for the government's position. United States v. Hallmark Const. Co., 200 F.3d 1076, 1079 (7th Cir. 2000). Rather, the court "must analyze and evaluate 'the factual and legal support for the government's position throughout the entire proceeding.'" Kholyavskiy v. Holder, 561 F.3d 689, 691 (7th Cir. 2009) (quoting Hallmark Constr. Co., 200 F.3d at 1080). Relevant considerations include the degree to which the government's position was supported by legal precedent; the novelty or uncertainly of the questions presented; and the presence of strong language against the government's position or a wholesale rejection of the government's position in the opinion on the merits. See id. (citing Golembiewski v. Barnhart, 382 F.3d 721, 724-25 (7th Cir. 2004)).

**II.**

At the merits stage, I accepted both of plaintiff's primary arguments, concluding that the Administrative Law Judge ("ALJ") erred in determining plaintiff's residual functional capacity ("RFC") and in evaluating the credibility of the hearing testimony. Regarding the RFC issue, the ALJ found plaintiff capable of light work, which requires a good deal of standing and walking, see 20 C.F.R. § 404.1567(b); SSR 83-10, without addressing any limitations on walking and standing plaintiff might have based on her severe knee problem and obesity, see SSR 02-1p (stating that "someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the

2

arthritis alone," and that the ALJ should assess how obesity affects functions such as walking and standing); Hutchens v. Commissioner of Social Sec., 248 Fed. Appx. 788, 790 (9th Cir. 2007) (remanding where the ALJ found that the claimant suffered from a severe knee impairment, yet had no standing or walking limitations, and failed to reconcile this apparent conflict); Barrett v. Barnhart, 355 F.3d 1065, 1068 (7th Cir. 2004) ("Even if Barrett's arthritis was not particularly serious in itself, it would interact with her obesity to make standing for two hours at a time more painful than it would be for a person who was either as obese as she or as arthritic as she but not both."). I rejected the Commissioner's defense of the ALJ's decision on this issue as impermissibly post-hoc. See, e.g., Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."). (R. 18 at 14-17.)

I further concluded that the ALJ erred in rejecting the reports from plaintiff's treating physician, Dr. Gilman, in setting RFC. The ALJ rejected the reports in large part because they post-dated plaintiff's date last insured. However, nothing in the reports suggested that they did not encompass the relevant time period, as Dr. Gilman had been plaintiff's treating physician for many years. If he was uncertain about the reports' coverage, rather than rejecting them the ALJ could have re-contacted the doctor for clarification, as SSR 96-5p suggests. I further noted that the treatment records did not appear to support the ALJ's assumptions about the reports. I again rejected the Commissioner's attempt to defend the ALJ's decision on grounds not mentioned by the ALJ. (R. 18 at 17-19.)

On the credibility issue, the ALJ discounted plaintiff's testimony because (1) plaintiff said she used medication for incontinence when she last worked in 1999, but the record showed she was first prescribed Ditropan in 2003; (2) plaintiff was apparently able to work

3

in 1999, despite her incontinence; and (3) she continued to engage in ongoing equestrian activities, which the ALJ found contrary to urinary incontinence and debilitating musculoskeletal complaints. But the ALJ failed to explain how plaintiff's experiences at work in 1999 pertained to her credibility regarding the relevant time period, which was January 1, 2003 to September 30, 2004, or to consider that her symptoms may have worsened between 1999 and 2003. The ALJ also skipped medical evidence that plaintiff saw her doctor about frequent urination and obtained medication called Detrol, also prescribed for the treatment of overactive bladder, as early as February 2000. Regarding her equestrian activities, plaintiff testified that she no longer rode or showed horses, and the ALJ never specified the evidence he relied upon in finding that plaintiff continued to engage in these activities during the relevant time period. The Commissioner noted other evidence not cited by the ALJ, but I again rejected that argument as contrary to principles of administrative law. Finally, I noted the Seventh Circuit's admonition about reliance on daily activities in assessing ability to work full-time outside the home. Moss v. Astrue, 555 F.3d 556, 562 (7th Cir. 2009). (R. 18 at 21-22.)

**III.**

In his EAJA response, the Commissioner states that the ALJ cited much medical and testimonial evidence in support of his finding that plaintiff could perform a range of light work. However, the Commissioner offers no explanation as to how, given plaintiff's severe knee impairment and obesity, it was reasonable for the ALJ to impose no limitations on standing and walking. Nor does the Commissioner address the ALJ's violation of SSR 02-1p and the other cases cited in the merits decision. The Commissioner also makes no argument as to the justification for the ALJ's rejection of Dr. Gilman's reports. See, e.g., Halvorsen v. Heckler, 743 F.2d 1221, 1225 (7th Cir. 1984) ("There can be no doubt that

4

medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period."). Finally, the Commissioner does not address his attempts at the merits stage to defend the ALJ's decision on grounds not mentioned by the ALJ. See Stewart, 561 F.3d at 684 (awarding fees and noting that "an ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ").

The Commissioner attempts to cast the ALJ's erroneous credibility determination as a mere error of articulation. However, the error went beyond a mere lack of explanation. The reasons cited by the ALJ were either unsupported by the record or largely irrelevant. Contrary to the Commissioner's suggestion, I did not reverse because the ALJ failed to discuss each and every credibility factor. And again, the Commissioner at the merits stage tried to bolster the decision on grounds not mentioned by the ALJ, contrary to clear precedent. See Golembiewski, 382 F.3d at 724 ("We found that the Commissioner's defense of the ALJ's decision failed because . . . she relied upon facts not discussed by the ALJ to try and bolster his credibility determination.").

The Commissioner has failed to show that the government's position was substantially justified. Therefore, plaintiff is entitled to a fee award. The Commissioner does not dispute the amount plaintiff seeks, and on review of plaintiff's motion and supporting papers I find the request reasonable, both as to the rate and the number of hours requested.

**IV.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 20) is **GRANTED**, and plaintiff's attorney, Frederick J. Daley, Jr., is awarded fees in the amount of $4951.50.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge